EMMA HADLEY, APPELLEE, V. WILLIAM JENS SCHOW ET AL., APPELLANTS, ELBA R. HADLEY, APPELLEE.

18 N. W. 2d 923

FILED MAY 25, 1945. No. 31890.

164

 

*Lloyd E. Chapman,* for appellants.

*R. P. Kepler* and *Beatty & Clarke,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This case, as finally presented, developed as a suit to quiet title in the plaintiff to certain land, against any claim the defendants might have, or claim to have, in the land by virtue of a mortgage dated June 7, 1926, executed by the defendant Elba R. Hadley and wife to Louis J. Peterson, then guardian of the defendants Schou, sometimes referred to as Schow, and for the purposes of this opinion will hereinafter be referred to as defendants Schow.

The court decreed the title to the land to be in the plaintiff, held the Schow defendants had no right, title, lien or interest in the real estate, and quieted title against any claims of the Schow defendants under the $11,600 and $3,-500 mortgages. These mortgages will be discussed in the opinion. Schow defendants appeal.

The plaintiff's petition alleged in substance: That on February 3, 1939, she was the owner of a first real estate mortgage against certain real estate which is described, and legal holder of a promissory note in the amount of $7,000 which was secured by such mortgage. The note and mortgage were executed by Elba R. Hadley and his wife, Helene R. Hadley. Plaintiff further alleged that on February 3, 1939, she filed a petition in the district court for Cheyenne county to foreclose the mortgage. A decree of foreclosure was rendered November 7, 1939, establishing her mortgage as a first lien. The indebtedness due the plaintiff was $8,-

821.65, with interest. An order of sale was issued, notice given, sale had, and the real estate purchased by the plaintiff for $8,984.90. The sale was confirmed January 19, 1940. During all of said time the defendants were the owners of a second mortgage on the same real estate, in the amount of $3,500, dated June 7, 1926, executed by Elba R. Hadley and his wife, filed for record June 24, 1926; that through inadvertence, the defendants herein, and each of them, were not barred and foreclosed in the action brought by the plaintiff of any and all their right, title, interest, lien or equity of redemption in and to the real estate; and prayed that an accounting be had on her first mortgage and the court enter a decree of strict foreclosure and the defendants be required to pay the plaintiff the amount found due, within a short time fixed by the court for that purpose, and that in default thereof, the defendants, and each of them, be forever barred and foreclosed of any right, title, interest, lien or equity of redemption in the real estate.

The petition was amended to conform to the proof. That part of the petition referring to the second mortgage of $3,500 owned by defendants Schow, was amended, (and so far as need be considered here), to read in substance as follows: That each and all of the defendants were made parties to the action filed by the plaintiff, February 3, 1939, and duly served with process, and the court had jurisdiction of all of the defendants and the subject matter; that the defendants were in said action barred and foreclosed from any and all rights, title, lien or interest in and to the real estate, but defendants claim they have some interest in the real estate which claim is unfounded and untrue; that the claims of the defendants cast a cloud upon the plaintiff's title to the real estate.

The prayer was amended as follows: That a decree be entered forever confirming and quieting title to the real estate in the plaintiff and determining that the defendants, and each of them, have no right, title, lien or interest in and to the real estate by virtue of the $3,500 mortgage, or other-wise, and that defendants be forever enjoined from setting

up claims or asserting any right, title, lien or interest in and to the real estate.

The following facts are not in dispute, as shown by the pleadings: That the Schow defendants are the children of Soren P. Schow who died April 5, 1921 in Johnson county, Wyoming, and whose will and codicil were admitted to probate bequeathing all of his property to his children; that Soren P. Schow obtained the land here involved by deed February 28, 1917, and on May 28, 1919 sold and conveyed the same real estate to Elba R. Hadley who, with his wife, made and executed to Soren P. Schow four promissory notes, one for $2,500 payable October 1, 1920, one for $2,500 payable October 1, 1922, one for $2,500 payable October 1, 1923 and one for $4,100 payable October 1, 1924. To secure the notes, Elba R. Hadley and his wife made and executed a second mortgage in the amount of $11,600 to Soren P. Schow, recorded June 3, 1919.

The defendants' cross-petition and answer to the original petition of the plaintiff contain a general denial, and further alleged in substance as follows: That on May 5, 1924 the owner and holder of a first mortgage on the real estate here involved, released and discharged such mortgage because of payment; that thereupon the $11,600 mortgage owned by the Schow heirs, by operation of law, became a first mortgage lien upon the real estate described in the plaintiff's petition, and continued to be a first lien for a period of over two years, or until June 30, 1926, when it was fraudulently released and discharged without any order of the county court permitting the same, by one Louis J. Peterson, guardian of the Schow children who were then minors, and without payment of the full amount of $11,600 and interest. The cross-petition further alleged that by such an unlawful and fraudulent release and discharge of the $11,-600 mortgage then owned by the Schow heirs, the $7,000 mortgage, which this immediate action was instituted to foreclose, became a first lien on the real estate, instead of a second and inferior lien, and prayed dismissal of the plaintiff's petition and judgment on the cross-petition, canceling

and annulling the release of $11,600 mortgage, and reinstating the unpaid portion of such mortgage as a first and subsisting mortgage lien on the real estate involved, and grant the Schow defendants a foreclosure thereof.

The reply of the plaintiff interpleaded with the defendant, Elba R. Hadley, made certain admissions which are heretofore covered, and denied that the second mortgage of $11,-600, by operation of law, became a first lien on the real estate here involved; further alleged that on May 28, 1919, Elba R. Hadley was the fee simple title owner of the real estate here involved, and that the mortgage of $7,000 owned by the plaintiff constitutes a first lien on the real estate, and that the $11,600 mortgage was subject to such first lien. The prayer was substantially as appears in the amended prayer of the petition.

The record discloses that Niels P. Rasmussen, the fee title owner of the land here involved, sold and conveyed the same to R. A. Babcock October 4, 1916. The deed was recorded October 7, 1916. On October 4, 1916 R. A. Babcock and wife executed a first mortgage on the land, in the amount of $7,000 to Rasmussen, securing a promissory note for the same amount. On February 28, 1917, Babcock conveyed the same land to Soren P. Schow, and on May 28, 1919, Soren P. Schow conveyed the land to the defendant Elba R. Hadley. This deed was recorded June 6, 1919. In part payment of the purchase price, Elba R. Hadley and wife executed a mortgage to Soren P. Schow in the amount of $11,600, subject to a first mortgage of $7,000, dated March 1, 1916, payable March 1, 1925. Elba R. Hadley was unable to carry the burden, with reference to the $7,000 first mortgage and, as a consequence, wrote to his brother, C. O. Hadley of Boone, Iowa. As a result of this correspondence C. O. Hadley purchased the $7,000 first mortgage made and executed by Babcock and his wife to Rasmussen. The check evidencing the purchase was sent to Elba Hadley who turned it over to Rasmussen, and in return, Rasmussen gave him the $7,000 mortgage, the note endorsed by Rasmussen and a release of such mortgage, dated May 5, 1924,

to be sent to C. O. Hadley. This release was filed of record June 24, 1926.

With reference to the $11,600 second mortgage, Elba Hadley defaulted in the payment of interest. Thereafter Louis J. Peterson, the testamentary guardian appointed in the will of Soren P. Schow, deceased, and by the will authorized to dispose of the testator's property as his judgment dictated and to manage the Schow heirs estate, commenced proceedings in the county court of Nance county, Nebraska on September 25, 1924, to be appointed guardian of the Schow minors. Letters of guardianship were issued to him on the same day. On March 30, 1926 the guardian made application to the county court for leave to proceed to foreclose the $11,600 mortgage in the district court of Cheyenne county, to obtain a decree of foreclosure. On May 5, 1926 the guardian instituted suit in the district court of Cheyenne county to foreclose the $11,600 mortgage which secured the notes of $9,100 and interest due thereon. A thorough investigation had been made previously by the guardian and his counsel, as to the value of the land, and it was found to be of no more value than the $7,000 first mortgage. Thereafter a settlement was made between Elba Hadley and the guardian of the Schow heirs, wherein Elba Hadley paid $5,000 in cash, made and executed on June 7, 1926, a mortgage in the amount of $3,500 subject to a prior mortgage in the sum of $7,000 running to C. O. Hadley due June 7, 1932, with interest at 5 per cent per annum, to Louis J. Peterson, as guardian. This mortgage was recorded June 24, 1926. The settlement of the foreclosure suit involving the $11,600 mortgage was reported to the county court. The report shows that the $11,600 mortgage was subject to a first mortgage of $7,000, and the settlement, which consisted of taking $5,000 cash, securing a $3,500 second mortgage and releasing the $11,600 second mortgage, was for the best interests of the wards estate. This report was approved on the same day. The release of the $11,600 mortgage was made on June 7, 1926, and filed of record June 30, 1926. The attorneys representing the

guardian testified they understood that at the time of settlement of the foreclosure suit involving the $11,600 mortgage, that such mortgage was a second mortgage subject to an original mortgage of $7,000 which was renewed on June 7, 1926, the same date as the settlement of the foreclosure case involving the $11,600 mortgage. Certain correspondence appearing in the record is definitely to the effect that the $7,000 renewal mortgage dated June 7, 1926 filed of record June 24, 1926, was considered a first and paramount lien to the $11,600 mortgage.

The plaintiff became the owner of the renewal mortgage prior to the death of her husband, which occurred June 19, 1934. There is testimony of an interest payment on the $7,000 mortgage made November 8, 1927 by Elba Hadley, in the amount of $759, and some interest payments were made by him on the $3,500 mortgage.

On August 6, 1930, Mildred M. Schow, Nona M. Schow, Evelyn B. Schow, minors over the age of 14 years, together with the defendants William J. Schow and Myrtle E. Schow over 21 years of age, made application to the county court of Nance county for a successor guardian to Louis J. Peterson. John H. Schow was appointed guardian.

It is the contention of the defendants Schow, that the $11,600 mortgage as heretofore set out, became a first mortgage on the real estate here involved upon the execution of the release of the $7,000 mortgage which had been a first mortgage May 5, 1924, and which was released of record June 24, 1926.

From an analysis of the facts and circumstances, we deem *Peoples Bank v. Trowbridge*, 123 Neb. 312, 242 N. W. 647, applicable and controlling. In the body of the opinion we said: "This elementary rule has been stated by a recognized authority: 'Entering satisfaction of a mortgage and taking a new one, when designed by the parties to be merely a continuation of the first mortgage, and when the two acts are practically simultaneous or parts of the same transaction, is not an extinguishment of the mortgage, but a renewal thereof, and does not give priority to an intervening judg-

ment or mortgage creditor of the mortgagor, especially where it is done in good faith, in ignorance of the existence of the intervening lien, and without any intention to release the lien of the mortgage.' 27 Cyc. 1222." After quoting from 2 Jones, Mortgages, (7th ed.) sec. 873, we further said: "In *Edney v. Jensen*, 116 Neb. 242, * * * , we held: 'Ordinarily, it is presumed that one must have intended to keep alive his mortgage title, where it was essential to his security against an intervening title; and this presumption applies although the party through ignorance of such intervening title may have actually discharged the mortgage and canceled the notes and really intended to extinguish them.'" See, also, *Prudential Ins. Co. v. Nuernberger*, 135 Neb. 743, 284 N. W. 266.

In 33 A. L. R. 149, the general rule is stated as follows: "It is a general rule that the cancelation of a mortgage on the record is not conclusive as to its discharge, or as to the payment of the indebtedness secured thereby. And where the holder of a senior mortgage discharges it of record, and contemporaneously therewith takes a new mortgage, he will not, in the absence of paramount equities, be held to have subordinated his security to an intervening lien unless the circumstances of the transaction indicate this to have been his intention, or such intention upon his part is shown by extrinsic evidence." See, also, 98 A. L. R. 843.

As stated in *Farmers & First Natl. Bk. v. Citizens State Bank*, 211 Ind. 389, 5 N. E. 2d 506: "As a general rule the acceptance of a second note and mortgage in renewal of a prior note and mortgage is not an extinguishment of the lien unless the parties so intend; that where the release of the old mortgage and the execution of a new one appear to be part of one transaction, and the new mortgage is taken and recorded simultaneously with the release of the old mortgage, the recording of the new and the cancellation of the old mortgage constitute a contemporaneous act. A court of equity will look to the circumstances of such transaction, and will not permit the release of the old mortgage and the execution and recording of the new to destroy the

lien of the original mortgage, when not so intended, or rights of third parties have not intervened, or positions changed. Equity keeps the lien of the first mortgage alive for the benefit of the mortgagee under such circumstances."

Thus, it is clearly to be seen that the $7,000 mortgage executed by Babcock to Rasmussen on October 4, 1916, sold by Rasmussen to C. O. Hadley May 5, 1924, by C. O. Hadley renewed with the express agreement with everyone interested on June 7, 1926 that it was to continue a first lien on the land, remained a first lien at all times.

As set out in the plaintiff's petition in the instant case, the plaintiff, on February 3, 1939, filed a petition in the district court of Cheyenne county which was amended August 12, 1939, to foreclose a $7,000 mortgage running to C. O. Hadley, her husband, and sold by him to the plaintiff October 9, 1929. The Schow heirs were all of age prior to the time of the filing of the petition, and were made parties defendant. Proper service of process was had upon each and all of the Schow defendants. Each and all of said defendants defaulted and their default was entered.

It was alleged in the petition that the Schow defendants have, or claim to have, some right, title or interest in and to, or a lien upon, the real estate described in the petition by reason of a certain mortgage of record, but that the right, title, interest or lien of the said defendants is junior, inferior, and subject to the lien of the plaintiff.

Plaintiff prayed for an accounting and that she be decreed to have a first lien upon the land described in the petition, and that the Schow defendants be forever barred and foreclosed of all their right, title, interest or equity of redemption in or to said premises.

It will be observed that the allegations of the petition filed February 3, 1939, did not properly describe the mortgage indebtedness owned by the Schow defendants. It was not set up in the petition that the $11,600 mortgage constituted the mortgage indebtedness owned by defendants Schow, or whether the $3,500 mortgage taken in lieu thereof in the settlement constituted such mortgage indebted-

ness. The plaintiff's petition in the instant case discloses by inadvertance the $3,500 second mortgage owned by the Schow defendants was not set forth in such manner in the petition filed February 3, 1939. On November 7, 1939, the court entered a decree of foreclosure in favor of the plaintiff in conformity with the prayer of the petition, the real estate was ordered sold, the sale was had January 6, 1940, and the premises purchased by the plaintiff for the sum of $8,984.90, the amount of her mortgage indebtedness. The sale was confirmed January 19, 1940 and the plaintiff became the title owner.

The instant case arose by virtue of negotiations on the part of Elba R. Hadley with the plaintiff, to purchase from her the real estate here involved. To do this, Elba R. Hadley was to obtain a loan of $5,000 on the land and to pay therefrom $1,750 delinquent taxes and expenses, and to turn over to the plaintiff the balance of the $5,000 and give her in addition thereto, his note for $1,500. He executed the $5,000 note and mortgage to the Kloke Investment Company. The Investment Company raised the question as to whether or not the Schow defendants had been effectively cut off from any right, title or interest they might have in the land by virtue of the plaintiff's foreclosure proceedings on the $7,000 note, commenced on February 3, 1939. The instant action was brought by the plaintiff to quiet her title to the real estate against the Schow defendants.

It is clear that at the time the plaintiff's petition to foreclose the $7,000 mortgage was filed, February 3, 1939, the $11,600 mortgage owned by the Schow defendants and for which settlement was made taking in lieu thereof the $3,500 mortgage, and the $3,500 mortgage were second liens, subject to the plaintiff's first mortgage of $7,000, and never at any time became a first lien on the premises here involved. This being true, it is obvious from the decree of foreclosure, sale and confirmation of the premises as heretofore related, that the plaintiff became the title owner of the premises and the defendants Schow, in no event, had any right, title or interest in the real estate after the sale was confirmed in the

plaintiff, and under such circumstances any right, title or interest in such defendants was effectively cut off, as far as the plaintiff was concerned, in the foreclosure action of February 3, 1939.

In view of our holding, other matters raised by the parties need not be determined.

For the reasons given in this opinion, the judgment of the trial court is affirmed.

AFFIRMED.