2005-NMCA-138

125 P.3d 644

HSBC BANK USA as Trustee, Plaintiff,

v.

Lisa L. FENTON, a/k/a Lisa Lynn Fenton; Mark Fenton; John Doe and Jane Doe, True Names Unknown Tenants, Defendants.

Clarke Cagle, by substitution in place and instead of Daniel E. Hudson, Petitioner–Appellant,

Vista de la Cumbre, Petitioner–Appellee.

No. 24,974.

Court of Appeals of New Mexico.

May 25, 2005.

Sylvain Segal, Law Offices of Sylvain Segal, Albuquerque, NM, for Appellant.

John E. Farrow, Fairfield, Farrow & Strotz, P.C., Albuquerque, NM, for Appellee.

## OPINION

BUSTAMANTE, Chief Judge.

{1} This case decides how New Mexico will prioritize redemption attempts by more than one party after a mortgage foreclosure. The district court held that the assignee of the original owner had priority to redeem over the assignee of the redemption right of a lien creditor, even though the lien creditor was the first to file. We adopt the first in time, first in right rule, and reverse the district court.

## BACKGROUND

{2} The basic facts in this case are undisputed. Lisa Fenton (Fenton) executed and delivered a note and mortgage to Option One Mortgage Corporation, who later assigned the note and mortgage to HSBC Bank. Fenton defaulted. The original Plaintiff, HSBC Bank USA, filed a complaint for foreclosure against Fenton. The mortgage provides for a one month redemption period after any judicial sale. The district court entered summary judgment ordering foreclosure of the mortgage and appointed a special master. The special master filed a report indicating that the property at issue was sold to Daniel

Hudson at the foreclosure sale. The district court then entered an order approving the special master's sale and noting the conveyance was subject to the one month redemption period. Mark Fenton, a lien creditor, assigned his right of redemption to Hudson, and Hudson filed a Petition for certification of redemption on March 25, 2004.

{3} Vista de la Cumbre filed a Petition for certificate of redemption on April 5, 2004. As grounds for its petition, Vista de la Cumbre stated that Fenton had assigned her right of redemption to it. The district court found that as the assignee of the former owner of the property, Vista de la Cumbre stood in the shoes of the owner and had the priority right to redeem the property. The district court ordered redemption in favor of Vista de la Cumbre.[1]

## DISCUSSION

{4} Cagle contends the petition filed by his predecessor—the assignee of the redemption right held by a lien creditor—was filed first in time, and therefore has priority for redemption. Cagle argues that absent statutory language or clear legislative intent defining the priority to be given redeemers, we should apply a first in time rule. We agree and reverse the decision of the district court.

■ {5} This case presents an issue of statutory interpretation, a legal question which we review de novo. *State v. Davis*, 2003–NMSC–022, ¶ 6, 134 N.M. 172, 74 P.3d 1064.

■ {6} The statute we must interpret and apply is NMSA 1978, § 39–5–18(A) (1987), which states:

After sale of any real estate pursuant to any such judgment or decree of any court, the real estate may be redeemed by the former defendant owner of the real estate, his heirs, personal representatives or assigns or by any junior mortgagee or other junior lienholder[.]

"The principal objective in the judicial construction of statutes 'is to determine and give effect to the intent of the legislature.'" *Regents of Univ. of N.M. v. N.M. Fed'n of*

*Teachers*, 1998–NMSC–020, ¶ 28, 125 N.M. 401, 962 P.2d 1236 (citation omitted). In doing so, we look first to the plain meaning of the statute, which requires us to give effect to the statute's language and refrain from further interpretation when the language is clear and unambiguous. *See Sims v. Sims*, 1996–NMSC–078, ¶ 17, 122 N.M. 618, 930 P.2d 153. Furthermore, we will not read into a statute language which is not there, particularly if it makes sense as written. *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998–NMSC–050, ¶ 5, 126 N.M. 413, 970 P.2d 599.

■ {7} Applying the plain meaning rule to Section 39–5–18(A), it is clear that the legislature provided for no order of priority in statutory redemption. Our Supreme Court recently stated that "[o]ne of the purposes of the redemption statute is to give the property owner, or certain others listed under the redemption statute, a reasonable opportunity to redeem the property." *Chase Manhattan Bank v. Candelaria*, 2004–NMSC–017, ¶ 9, 135 N.M. 527, 90 P.3d 985. This indicates an intent to allow redemption by all those listed in the statute, but provides no guidance in terms of priority. The word "or" in the statute should be given its normal disjunctive meaning because the context of the statute does not demand otherwise. *See Hale v. Basin Motor Co.*, 110 N.M. 314, 318, 795 P.2d 1006, 1010 (1990). "Redemption is a statutory right that our courts construe narrowly." *Brown v. Trujillo*, 2004–NMCA–040, ¶ 14, 135 N.M. 365, 88 P.3d 881. Furthermore, we note that the commonly stated purposes of statutory redemption are to encourage full value bidding at foreclosure sales and to protect mortgagors. 12 David A. Thomas, *Thompson on Real Property* § 101.07(c)(1) (Thomas ed.1994). In the absence of any stated priority of redemption, and considering the use of the disjunctive word "or," we decline to read a priority into the statute based on the status of the redeemer.

{8} We noted in *Western Bank of Las Cruces v. Malooly*, 119 N.M. 743, 749, 895

---

1. Following this decision, the district court entered an order allowing Clarke Cagle (Cagle) to be designated as a petitioner by substitution for Daniel Hudson. Cagle appeals the district court order allowing redemption in favor of Vista de la Cumbre.

P.2d 265, 271 (Ct.App.1995) that "[o]ur redemption statute is silent as to whether more than one party may seek to redeem during the redemption period." In a concurring opinion, Judge Hartz urged the legislature to revisit the redemption statute. *Id.* at 751, 895 P.2d at 273. Judge Hartz stated:

> [W]ithout knowing more about what policy considerations motivated the legislature to enact statutory redemption, the courts face great confusion and difficulty in determining whether a bare-bones statute like New Mexico's (1) permits successive redemptions, (2) gives any particular holder of a statutory right of redemption priority over another holder if only one redemption is permitted, and (3) requires a redeeming junior lienholder to pay a senior lien of a prior redeemer.

*Id.* at 751–52, 895 P.2d at 273–74 (Hartz, J., concurring).

{9} Judge Hartz noted that other states have statutes that address these issues, and the legislature can obtain substantial guidance by examining those statutes. *Id.* The Arizona redemption statute provides an example. The Arizona statute allows for redemption by the judgment debtor or his successor in interest at any time within six months after the date of the foreclosure sale. Ariz.Rev.Stat. Ann. § 12–1282(B) (1963). If redemption is not made by the judgment debtor or his successor in interest within six months, "the senior creditor having a [legal or equitable] lien, . . . may redeem within five days after expiration of the [six months]." Section 12–1282(C). "[E]ach subsequent creditor having a lien in succession, according to priority of liens, within five days after the time allowed the prior lienholder, . . . may redeem by paying [specified amounts to the] person from whom redemption is made." *Id.*

{10} The absence of any such language in our own statute leaves us without legislative guidance as to priority. We therefore look to other states that have addressed similar issues. We are persuaded by the holding and rationale in *Feldman v. M.J. Associates,* 117 Mich.App. 770, 324 N.W.2d 496 (1982). In *Feldman,* the Michigan court held that where the statute in question provided for no order of priority in redemption, and absent any overriding equitable considerations, "the fairest approach is to grant priority to the first party to exercise its right of redemption." *Id.* at 498. The Michigan court held that "a valid redemption of property generally operates to cut off the redemption rights of other parties entitled to redeem." *Id.* We adopt this first in time rule because it is fair and easy to apply. Furthermore, the first in time rule is not contrary to the language of the statute and does not interfere with the purpose of encouraging full value bidding at foreclosure sales.

{11} Vista de la Cumbre argues that applying a first in time rule can have the effect of cutting off all other redemption rights, even if claims are filed within the statutory time period. We understand this potential outcome. However, to hold otherwise or to establish an order of priority for redemption would be the equivalent of rewriting the statute, which is the job of the legislature. *See generally State v. Cleve,* 1999–NMSC–017, ¶ 15, 127 N.M. 240, 980 P.2d 23 (stating that the courts' role in statutory construction "is not to sculpt the most just law possible out of the words used by the [l]egislature or to attribute the meaning to a statute that contemporary ideals would deem preferable"); *State v. Anaya,* 1997–NMSC–010, ¶ 29, 123 N.M. 14, 933 P.2d 223 (stating that in interpreting statutes, "[t]he judicial branch simply must select the rationale that most likely accomplishes the legislative purpose—or best fills [the] void not addressed by the legislature").

**CONCLUSION**

{12} For the foregoing reasons, we reverse the decision of the district court, and remand for proceedings consistent with this opinion.

{13} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY, Judge and RODERICK T. KENNEDY, Judge.