2008-NMCA-081

186 P.3d 256

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for Deutsche Bank Trust Company Americas, f/k/a Bankers Trust Company, as trustee; and Mortgage Electronic Registration Systems, Inc., as nominee for J.P. Morgan Chase Bank, as trustee, Plaintiffs,**

v.

**Urban T. MONTOYA, a/k/a Thomas Urban Montoya, Emily A. Montoya, The New Mexico State Highway and Transportation Department, and John Doe and Jane Doe (true names unknown), tenants, Defendants,**

and

**Virginia Zamora, as assignee of Urban T. Montoya and Emily A. Montoya, Petitioner–Appellee,**

and

**Indu Kaushal, Respondent–Appellant.**

No. 27,465.

Court of Appeals of New Mexico.

May 7, 2008.

mortgage, and obtains a deficiency judgment has a right to redeem under the New Mexico redemption statute, NMSA 1978, § 39–5–18(A) (1987) (amended 2007), that was applicable at the time of the foreclosure and redemptions at issue in this appeal. For the reasons we explain in this opinion, we reverse.

## BACKGROUND

{2} Mortgage Electronic Registration Systems, Inc. (MERS), acting separately for two different banks, one holding a senior mortgage and the other holding a junior mortgage, sued to foreclose both mortgages on residential property owned by mortgagors Urban T. Montoya and Emily A. Montoya. A foreclosure judgment was entered awarding the senior mortgagee judgment in the sum of $132,039.29 and awarding the junior mortgagee judgment in the sum of $35,565.29. The foreclosure sale resulted in full satisfaction of the senior mortgage debt for what appears to have been a total of $136,357.45, which included the costs of sale and accrued interest. The sale resulted in partial satisfaction of the junior mortgage debt of $37,328.59, leaving a deficiency of $24,242.76.

{3} We refer to the junior mortgagee who obtained a deficiency judgment as MERS. The purchaser at foreclosure sale was "Ashok K. Kaushal and Indu Kaushal, trustees for the Ashok K. Kaushal and Indu Kaushal Revocable Trust Agreement." We refer to Ashok K. Kaushal as Ashok and to Indu Kaushal as Indu. For ease of reading, we refer to the mortgagors as the debtors.

{4} The sale occurred on August 1, 2006. On the day the order approving the sale was entered, August 11, 2006, Indu, individually, petitioned for a certificate of redemption based on two assignments, namely: (1) an assignment by MERS dated August 10, 2006, of a redemption right to Ashok, a married man, as his sole and separate property; and (2) an assignment dated August 11, 2006, by Ashok to Indu, a married woman, as her sole and separate property, of the redemption right MERS had assigned to Ashok. Also on August 11, 2006, Indu deposited $153,000 with the clerk of the court. The district

Law Offices of E. Justin Pennington, E. Justin Pennington, Albuquerque, NM, for Appellee.

Law Offices of Segal & Whittaker, LLP, Sylvain Segal, Albuquerque, NM, for Appellant.

## OPINION

SUTIN, Chief Judge.

{1} The question in this appeal is whether a junior mortgagee who forecloses its mortgage, along with foreclosure of the senior

court entered a stipulated order approving the petition, which directed the court clerk to issue a redemption certificate to Indu and disburse $153,000 plus interest to Ashok. The court clerk issued a certificate of redemption to Indu on August 17, 2006.

{5} On August 30, 2006, Virginia Zamora petitioned for a certificate of redemption based on an assignment to her dated August 28, 2006, of the debtors' redemption right. Zamora deposited a check in the sum of $155,000 with the clerk of the court. Zamora then moved to set Indu's certificate of redemption aside. Zamora claimed that MERS' assignment was invalid and void because its mortgage interest in the property had been foreclosed by the foreclosure decree and the subsequent sale, and MERS could therefore no longer be characterized as a junior mortgagee or other lienholder entitled to redeem; that is, because MERS "converted its mortgage interest to [a] money judgment by its own foreclosure suit, it had no redemption right to assign." The district court entered an order vacating Indu's certificate of redemption. Zamora paid a redemption amount of $158,333.33 and received a certificate of redemption. Indu appealed.

## DISCUSSION

{6} There are no challenges in this case to the adequacy of the price paid at the foreclosure sale, to the adequacy of the amounts paid by the various persons redeeming the property, or to the validity of or otherwise to the adequacy of the consideration given for the assignments of the redemption rights. Nor do the parties raise any issue as to whether any assignee of a redemption right is to be treated differently in any respect than the original assignor of the redemption right. Priority is not an issue. In the district court, Zamora conceded that, if MERS' assignment was valid, Indu's redemption satisfied "the first in time rule" adopted in *HSBC Bank USA v. Fenton,* 2005–NMCA–138, ¶¶ 1, 10, 138 N.M. 665, 125 P.3d 644.

{7} The outcome of this appeal hinges on the interpretation of a statute, and our review is therefore de novo. *State v. Padilla,* 2008–NMSC–006, ¶ 7, 143 N.M. 310, 176 P.3d 299; *see also HSBC Bank,* 2005–NMCA–138, ¶ 5, 138 N.M. 665, 125 P.3d 644

(stating that our review is de novo, when we are required to construe a statute).

{8} In the present case we are required to construe the applicable redemption statute, Section 39–5–18(A) (1987), which in part reads:

> After sale of any real estate pursuant to any such judgment or decree of any court, the real estate may be redeemed by the former defendant owner of the real estate, his heirs, personal representatives or assigns or by any junior mortgagee or other junior lienholder[.]

"One of the purposes of the redemption statute is to give the property owner, or certain others listed under the redemption statute, a reasonable opportunity to redeem the property." *Chase Manhattan Bank v. Candelaria,* 2004–NMSC–017, ¶ 9, 135 N.M. 527, 90 P.3d 985. "[T]he commonly stated purposes of statutory redemption are to encourage full value bidding at foreclosure sales and to protect mortgagors." *HSBC Bank,* 2005–NMCA–138, ¶ 7, 138 N.M. 665, 125 P.3d 644; *Brown v. Trujillo,* 2004–NMCA–040, ¶ 27, 135 N.M. 365, 88 P.3d 881 (stating that redemption statutes protect the debtor because they "may increase the price of property at a foreclosure sale by creating the risk that a debtor will easily redeem his or her property from a purchaser who bids too low"). *But see W. Bank of Las Cruces v. Malooly,* 119 N.M. 743, 751, 895 P.2d 265, 273 (Ct.App. 1995) (Hartz, J., concurring) (stating that some authorities question whether statutory redemption laws encourage higher bidding at foreclosure sales). In considering a clash of interests, the court can consider "overriding equitable considerations." *HSBC Bank,* 2005–NMCA–138, ¶ 10, 138 N.M. 665, 125 P.3d 644.

{9} The question before us is whether the holder of a junior mortgage who forecloses its mortgage remains a "junior mortgagee" under Section 39–5–18(A), thereby entitling it to redeem. No New Mexico case addresses this question. At least one New Mexico case appears to assume that a junior mortgagee who has foreclosed his mortgage has a right to redeem. *See Springer Corp. v. Kirkeby–Natus,* 80 N.M. 206, 210, 453 P.2d

376, 380 (1969) (holding that, in a case in which an omitted junior mortgagee foreclosed its mortgage, the junior mortgagee had the absolute right to redeem from the senior mortgagee who had purchased the property at a sale following foreclosure of the senior mortgage). Other cases note that junior mortgagees and lien creditors can redeem or have redeemed, but do not expressly indicate that the holders of the junior mortgage or judgment lien foreclosed their liens against the debtor's property. *See HSBC Bank,* 2005–NMCA–138, ¶¶ 2, 4, 138 N.M. 665, 125 P.3d 644 (holding that an assignee of the lien creditor, who petitioned for certification of redemption, had priority over an assignee of the former defendant owner based on a first-in-time filing of the redemption petition); *Malooly,* 119 N.M. at 747, 895 P.2d at 269 (holding that the redemption statute authorized an assignee of a junior lien creditor to redeem); *see also Crown Life Ins. Co. v. Candlewood,* 112 N.M. 633, 634, 818 P.2d 411, 412 (1991) (noting the purchase of the former defendant owners' "statutory redemption rights, as well as the rights of the second mortgagee"); *Leonard Farms v. Carlsbad Riverside Terrace Apartments, Inc.,* 86 N.M. 241, 242, 522 P.2d 576, 577 (1974) (noting that "a judgment creditor of [the debtor had] assigned its judgment (and therefore its redemption rights)"). "[A] mortgagor's assignee takes property redeemed after foreclosure free of all prior junior judgment liens not his own." *Turner v. Les File Drywall, Inc.,* 117 N.M. 7, 9, 868 P.2d 652, 654 (1994).

{10} The parties do not refer or cite to any portion of the hearing on whether Zamora's petition should prevail, which indicates to us that the parties do not believe that anything that occurred in that hearing has significance as to the issues before us. They do not point to, and we are unable to locate in the record, any reasons given for or any authority cited by the district court to support its order setting aside Indu's certificate of redemption. Because Zamora relied almost solely on the argument that MERS lost its junior mortgagee interest when it foreclosed its own mortgage, was therefore no longer a junior mortgagee as contemplated under Section 39–5–18(A), and thus had no right to redeem, we address only the narrow question raised

by that argument and assume that the court agreed with Zamora's position.

{11} Indu relies on the wording of Section 39–5–18 and on *Springer Corp.* in arguing that a junior mortgagee's right of redemption survives the foreclosure. She points to the statutory language which states that "any junior mortgagee" can redeem and to the holding in *Springer Corp.* that the junior mortgagee that foreclosed its second mortgage had a right to redeem from the senior mortgage that purchased the property at foreclosure sale. *See Springer Corp.,* 80 N.M. at 210, 453 P.2d at 380. Indu further relies on Illinois cases that, in Indu's view, hold that a junior mortgagee that foreclosed its own mortgage could redeem the property. *See Harper v. Sallee,* 376 Ill. 540, 34 N.E.2d 860, 863–65 (1940), *superseded by statute as stated in React Fin. v. Long,* 366 Ill.App.3d 231, 304 Ill.Dec. 27, 852 N.E.2d 277, 280 (2006); *Ill. Nat'l Bank v. Trustees of Schs.,* 211 Ill. 500, 71 N.E. 1070, 1074 (1904). Indu also quotes *Thompson on Real Property,* which states that "[m]ost states with statutory redemption make it available to junior encumbrancers as well as to mortgagors and their successors. Thus, junior encumbrancers whose interests were destroyed may be able to redeem." 12 David A. Thomas, *Thompson on Real Property* § 101.07(c)(3) (Thomas ed.1994) (footnote omitted). Indu argues that, while a junior mortgagee's security may be destroyed by the foreclosure of the senior mortgage, to destroy the junior mortgagee's redemption right would emasculate Section 39–5–18(A).

{12} Although decided under a statute worded differently than Section 39–5–18(A), the reasoning in the case of *Western Land & Cattle Co. v. National Bank of Arizona,* 28 Ariz. 270, 236 P. 725 (1925), reflects Zamora's view. In *Western Land & Cattle,* a second mortgagee whose mortgage was foreclosed and a third mortgagee whose mortgage was not foreclosed sought to redeem property sold at foreclosure sale. *Id.* at 725. According to the court, under the controlling statute, the right of redemption inured to mortgage and other lienholders subsequent to the foreclosure of their liens. *Id.* at 727. The court recounted that it was undisputed that

when the first mortgagee began his suit to foreclose, the second mortgagee was within the statutory class having a right to redeem. *Id.* The court then reasoned that if the second mortgagee had lost that position when it applied for the right to redeem, the loss must have occurred in some manner between the initiation of the foreclosure action by the first mortgagee and the date the second mortgagee sought to redeem. *Id.* Because the second mortgagee was still a creditor, the court continued to reason that any change "must have been in its lien upon the premises sold, subsequent to the mortgage or lien foreclosed, and this change could be made only, if at all, by virtue of the foreclosure and sale." *Id.* (internal quotation marks omitted). Further, because the foreclosure of the first mortgage alone could not affect the second mortgagee's right of redemption, the court examined "the only remaining point, being the effect of appellant's foreclosure of its own mortgage." *Id.* The court then completed its reasoning by holding:

> The sale was made under a judgment which foreclosed both the [first] mortgage ... and [the second mortgage], directing a sale of the property generally without stating under which foreclosure, and providing for the application of the proceeds of sale in a certain manner. The second mortgage was foreclosed in the judgment as directly and as certainly as the first, and the sale had exactly the same effect upon the second mortgage as it did upon the first. Such being the case, if we are to follow the plain and unambiguous language of the statute, the second mortgage was no longer a lien [ ... ] subsequent to the mortgage or lien foreclosed, any more than the first mortgage was, for both were actually foreclosed in the judgment upon which the sale was made.

*Id.* (internal quotation marks omitted). The court noted, further, that there was a joint judgment that granted foreclosure of both mortgages and ordered a single sale. *Id.* The court was therefore of the view that because the foreclosure of the first mortgage alone could not affect a junior mortgagee's right of redemption, the court had to direct its attention to the effect of the junior mortgagee's foreclosure of its own mortgage. *Id.*

The court held that "when a lien is foreclosed the right of redemption thereunder is lost" and stated the "true rule" to be "that where a number of liens are foreclosed in one suit and there is one judgment and an order of sale thereon directing the payment of the liens in a certain order, none of the holders of such liens are entitled to redeem, but if the junior liens are not foreclosed the right of redemption still exists." *Id.*

{13} Although not in effect at the time of the foreclosure sale and redemptions in the present case, we think it is important to note that Section 39–5–18(A) was amended effective April 2, 2007. *See* 2007 N.M. Laws ch. 156, § 1. In 2007 the Legislature amended Section 39–5–18 to provide that:

> A. After sale of real estate pursuant to the order, judgment or decree of foreclosure in the district court, the real estate may be redeemed by the former defendant owner of the real estate or by any junior mortgagee or other junior lienholder whose rights were judicially determined in the foreclosure proceeding:
>
> (1) by paying [the amount paid at the sale] to the purchaser ...; or
>
> (2) by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered ...; and
>
> (3) the former defendant owner shall have the first priority to redeem the real estate. If the former defendant owner does not redeem the real estate as provided in this subsection, each junior mortgagee or junior lienholder shall have a right to redeem the real estate. The order of priority of such redemption rights shall be the same priority as the underlying mortgages or liens, as set forth in the court order, judgment or decree of foreclosure or as otherwise determined by the court. All redemptions must be made within the time periods set forth in Paragraphs (1) and (2) of this subsection.

§ 39–5–18(A) (2007). The amendment expressly permits redemption by a junior mortgagee or other junior lienholder "whose rights were judicially determined in the foreclosure proceeding" by filing a petition in the

very case in which the foreclosure decree was entered. § 39–5–18(A)(2), (3) (2007). Further, it gives first priority to the former defendant owner, thus superseding *HSBC Bank*. § 39–5–18(A)(3) (2007). From all appearances, amended Section 39–5–18 leaves our decision in the present case in "lame-duck" status.

{14} The parties have not presented any case authority in which the court construed a statute that reads the same as ours. Section 39–5–18, as it existed at the time of the sale and redemption activities in the present case, provides no clear guidance in language or intent as to how the present issue should be resolved. The opposing viewpoints in this case are both arguable. The distinguished district court judge appears to have decided that equity required protection of the debtors' redemption right even when it has been assigned and to have interpreted the statute as Zamora interpreted it. For the reasons we now discuss, however, we are persuaded that the statute, whose application will be short-lived if it has not already seen its demise, should be interpreted as Indu interpreted it.

{15} Section 39–5–18(A) refers to "any *such* judgment or decree" (emphasis added), referring to a mortgage foreclosure judgment or decree mentioned in NMSA 1978, § 39–5–17 (1971). Referring to "any judgment or decree of court foreclosing any mechanic's or materialman's lien, mortgage, mortgage deed, trust deed or any other written instrument which may operate as a mortgage," Section 39–5–17 permits "the then owner ... or any junior lienholder" to pay the judgment or decree within thirty days and thereby avoid a foreclosure sale. This language suggests that a junior mortgagee or other junior lienholder whose mortgage or lien is foreclosed pursuant to a judgment or decree continues nevertheless to retain a right to preserve or reinstate some right after that foreclosure to protect its financial interest. Section 39–5–18(A) then, referring to the same judgment or decree foreclosing *any* of the named mortgage or other lien interests in Section 39–5–17, permits the same "junior mortgagee or other junior lienholder" to redeem. § 39–5–18(A). Reading these statutes in tandem, it is not unreason-

able to construe the legislative intent to be to allow junior mortgagees and other junior lienholders whose mortgages and liens are foreclosed to still pursue the rights set out in these two statutes. *See State v. Jade G.*, 2007–NMSC–010, ¶¶ 15, 28, 141 N.M. 284, 154 P.3d 659 (stating that courts read the entire statute as a whole, considering provisions in relation to one another and also normally interpreting identical words used in different parts of the same act as having the same meaning).

{16} In the usual mortgage foreclosure, a junior mortgagee and other junior lienholders are joined, the lien interests of and debts owed to the mortgagee and other lienholders are adjudicated, and priorities are established. The property is then sold at foreclosure sale and any sale proceeds that exceed the amount necessary to satisfy the senior mortgage is paid to the next prior lienholder. Section 39–5–18(A) specifically sets the time period for redemption as being after the mortgage foreclosure sale. It expressly permits any junior mortgagee or other junior lienholder to redeem. Presumably because this statute provides for redemption after foreclosure sale instead of acting to avoid the sale, the statute refers to the debtor as "former defendant owner" instead of "owner" as in Section 39–5–17; however, it refers to any junior mortgagee or other junior lienholder without the designation of "former." Again, reading Sections 39–5–17 and –18(A) in tandem, we see nothing about the latter statute that requires us to conclude that junior mortgagees' or other junior lienholders' rights to redeem were intended to be dependent on whether their interests were adjudicated with the debts established in a foreclosure decree. *Cf. Malooly*, 119 N.M. at 747–50, 895 P.2d at 269–72 (deciding not to decide the issue of whether a mortgagee who is the purchaser at a foreclosure sale can redeem from herself). Further, as suggested by Justice Minzner in *Malooly*, we are not foreclosed from considering what the practicing bar has recognized or assumed as to a particular redemption practice. *Id.* at 747, 895 P.2d at 269. That practice, we think, is exemplified in *Springer Corp.*, in which an omitted junior mortgagee foreclosed its mortgage and was

held to have a right to redeem from the senior mortgagee who had purchased the property at a sale following foreclosure of the senior mortgage. *See* 80 N.M. at 210, 453 P.2d at 380.

{17} We are skeptical about the validity of Zamora's theory that only a junior mortgagee or other lienholder who does not foreclose its own mortgage may redeem. Once a foreclosure decree is entered in favor of a senior mortgagee and the property is sold at foreclosure sale, a junior mortgagee or other lienholder who was a party to the action would not seem to retain an enforceable mortgage lien against the property even if it had not foreclosed its own lien. A purchaser at foreclosure sale would presumably receive a deed free and clear of the liens of junior lien claimants who were parties to the mortgage foreclosure action. *See* 59 C.J.S. *Mortgages* § 557 (1998); 59A C.J.S. *Mortgages* §§ 829(b), 881(a), 900, 901(b) (1998); *see also Hadley v. Schow*, 146 Neb. 163, 18 N.W.2d 923, 927 (1945) (holding that the junior mortgagee had no right, title, or interest in the real estate after the sale was confirmed in the purchaser who became title owner); *Atl. City Nat'l Bank v. Wilson*, 108 N.J. Eq. 213, 154 A. 537, 539 (1931) (holding that the sale vested "in the purchaser a legal right to the property free of incumbrances imposed upon it subsequent to the mortgage foreclosed, provided that the holders of such incumbrances are made parties to the foreclosure"); *cf. W. Bank v. Fluid Assets Dev. Corp.*, 111 N.M. 458, 461, 806 P.2d 1048, 1051 (1991) (stating "that a foreclosure sale is effective only against those lienholders who are given notice [of the sale]").

■ {18} We are not unaware that debtors may not have been adequately protected under the statute in the past, particularly given *HSBC Bank's* first-in-time rule. Nor are we unaware that as in the present case, a junior mortgagee's assignee's strategic immediate redemption done to eliminate the debtors' redemption right might be unfair to the debtors and might also create a windfall for the redeemer. This practice troubles us, and it obviously troubled the district court judge deciding this case. Nevertheless, given what we fully suspect has been the practice over the years, the ambiguity, yet apparent intent, of the statute, along with the attempt in the new amendment to cure the potential lack of fairness and windfall results, and our reluctance to revisit *HSBC Bank's* first-in-time rule, we are persuaded that the better course of action in this case is to hold that, under Section 39–5–18(A), the junior mortgagee's assignee, Indu, had a right to redeem.

## CONCLUSION

{19} We reverse the district court and hold that under Section 39–5–18(A) as it existed at the time of the foreclosure sale and redemption activities in this case, the junior mortgagee's assignee had a right to redeem after foreclosure sale notwithstanding the fact that the junior mortgagee had foreclosed its mortgage in the foreclosure action that resulted in the foreclosure sale.

{20} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and CYNTHIA A. FRY, Judges.