Mr. Aiken's propeller may possess all the benefits, advantages, and superiority which he claims for it, and yet the decision of the commissioner rejecting his application may be correct. The question is not whether Mr. Aiken's invention is more useful than that of others, but whether it is new and sufficiently useful to justify a patent; and that point is not involved by any of the reasons of appeal. The decision of the commissioner, therefore, in this case is affirmed.

## Case No. 108.

### In re AIKEN.

[1 MacA. Pat. Cas. 130.]

Circuit Court, District of Columbia. July, 1850.

PATENTS FOR INVENTIONS —PATENTABILITY—COMMISSIONER'S DECISION—APPEAL.

[1. On an appeal from a commissioner's decision rejecting an application for a patent for an alleged invention, no reply to the grounds of the commissioner's refusal to grant the application will be permitted to be filed either in

the office to be recorded with such decision or before the judge.]

[2. When it appears, on appeal from a judgment of the commissioner rejecting an application for letters patent for a certain invention, that the device has not been patented or described in any printed publication in this or any foreign country prior to the application, and had not, with the applicant's consent, been in public use prior to the application, and that it is sufficiently useful and important, the applicant is entitled, under act July 4, 1836, § 7, to letters patent therefor.]

[Appeal by Herrick Aiken from the decision of the commissioner of patents refusing to grant letters patent for an improvement in car wheels. Reversed.][1]

T. Dennis, for appellant.
Senator M. Norris, of counsel.

CRANCH, Chief Judge. This is an appeal from the decision of the commissioner of patents rejecting the claim of the appellant for letters-patent for an improvement in car-wheels for railroads. After this cause was brought before the judge by petition of appeal, and after the commissioner of patents had, on the day assigned for the hearing of the appeal, laid "before him all the original papers and evidence in the case, together with the grounds of his decision fully set forth in writing touching all the points involved by the reasons of appeal," Mr. Dennis, in behalf of Mr. Aiken, offered to file a written argument in reply to the commissioner's "grounds of his decision," but the judge refused to permit it to be filed. The grounds of the commissioner's decision and the reasons of appeal, which are to be set forth in writing, are to be confined to the points involved by the reasons of appeal, to which points the hearing and the decision of the judge are to be confined. No reply to the grounds of the commissioner's decision is contemplated by the statute. There must be a finis litium somewhere; and this seems to be implied here, as the statute does not authorize any further proceeding, except the final decision of the judge. No reply can be admitted to the grounds of the commissioner's decision laid before the judge, and no reply can be permitted to be filed in the office to be recorded with the proceedings. The last official act of the commissioner in the cause is to "lay before the judge all the original papers and evidence in the case, together with the grounds of his decision, fully set forth in writing, touching all the points involved by the reasons of appeal." The case is no longer before the commissioner. The applicant has no legal right to reply to those grounds. They are before the judge, and not before the commissioner. The litigation is closed as betweeen the appellant and the office. Nothing further can be done in the case in the office until the

decision of the judge and his proceedings shall be certified to the commissioner.

The appellant filed in the office the following reasons of appeal: "1. The reasons assigned by the commissioner for rejecting my application are irrelevant to the subject-matter under consideration, and therefore do not apply, and cannot be properly construed to meet the points in the case. 2. The commissioner erred in declaring that the patent granted to J. H. Rodgers in February, 1836, was a bar to my application. 3. The commissioner erred in declaring that the patent granted to William Creed in February, 1843, was a bar to my application. 4. The commissioner erred in declaring that the rejected application of Jacob Newhanny was a bar to my application. 5. The commissioner erred in declaring the rejected application filed by Simeon Bedford was a bar to my application. 6. The commissioner erred in declaring the rejected application of William Compton was a bar to my application. 7. The commissioner erred in declaring the patent granted to James Stimpson was a bar to my application. 8. The commissioner erred in declaring that the various devices which are combined in my wheel—which devices he acknowledges were not all to be found in any one wheel, (see his letter of rejection, March 5th, 1850,) which several devices combined constitute the superiority of my wheel over all others—was not the subject of letters-patent. And he further erred in declaring that those devices, claimed in combination, present nothing which the law recognizes as a (patentable) combination, but merely as substitutions of well-known devices. (See same letter.) 9. The commissioner has not referred me to any wrought-iron car-wheels, nor to any other wheel the several parts of which possess the same advantages in the form and shape of the respective parts composing it, nor to any wheel which has the several parts put together in the same way and manner, nor to any wheel possessing equal strength in proportion to its weight." 1. The first reason of appeal is "that the reasons assigned by the commissioner for rejecting the application are irrelevant, and do not apply." But the reasons given by the commissioner may be insufficient or irrelevant, and yet the decision may be correct. The insufficiency of the commissioner's reasons is not, in itself, evidence that his decision was wrong, and consequently is no ground for reversing it. This answer is also applicable to the second, third, fourth, fifth, sixth, and seventh reasons of appeal. It is also a sufficient answer as to these reasons to say that there were no such decisions made by the commissioner. 8. The eighth reason of appeal is "that the commissioner erred in declaring that the various devices which are combined in my wheel—which devices he acknowledges are not all to be found in any one wheel, (see his letter of rejection,

[1][Letters patent No. 7.676 were granted October 1. 1850, to Herrick Aiken, in conformity to the decree in this case.]

March 5th, 1850,) which several devices combined constitute the superiority of my wheel over all others—was not the subject of letters-patent. And he further erred in declaring that those devices, claimed in combination, present nothing which the law recognizes as a (patentable) combination, but merely as substitutions of well-known devices." By the seventh section of the act of July 4th, 1836, it is enacted that on the filing of any such application, description, and specification, and the payment of the duty, the commissioner shall make, or cause to be made, an examination of the alleged new invention or discovery; "and if on any such examination it shall not appear to the commissioner that the same had been invented or discovered by any other person in this country prior to the alleged invention or discovery thereof by the applicant, or that it had been patented, or described in any printed publication in this or any foreign country, or had been in public use or on sale with the applicant's consent or allowance prior to the application, if the commissioner shall deem it to be sufficiently useful and important, it shall be his duty to issue a patent therefor.".

It did not appear upon the examination that the matter for which the patent was claimed by the applicant had been invented or discovered by any other person in this country prior to the alleged invention or discovery thereof by the applicant, nor that it had been patented, or described in any printed publication in this or any foreign country, or had been in public use or on sale with the applicant's consent or allowance prior to the application. The decision of the commissioner, therefore, rejecting Mr. Aiken's application must rest only upon the commissioner's opinion that the invention was not "sufficiently useful and important." The degree of usefulness or importance is not described or limited by the statute, nor is it material if it interferes with no prior right or claim, and is in itself innocent. If good may be the result of granting a patent, and evil cannot, I should think it ought to be granted, especially as it is doubtful whether a rejected applicant has any means of having his right to the patent brought before a court of law to be tried by a jury. The decision of the judge upon appeal rejecting the application would seem to be conclusive. Upon examination of Mr. Aiken's specification, models, and drawings, it seems to me that the combination for which he asks a patent, and which in his specification he describes as follows, viz., "the combination of the rim E with the arms D at the ends of the spokes C, by means of the inner flange F and bevel E'," is new and sufficiently useful, and that, as there is no interference, he is entitled to a patent therefor. This decision renders it unnecessary to say anything respecting the ninth reason of appeal.