No. 80.—WILLIAM T. SMITH, *et al.* plaintiffs in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] In Bibb Superior Court, it is the practice for the Court to call up criminal cases for trial whenever the Solicitor General announces himself ready. At November Term, 1853, the case of W T S, a defendant indicted for misdemeanor was called, and he not being present, his Counsel stated that by an agreement, as he supposed, between himself and the Solicitor General certain other cases were to be tried before this; and consequently, he had permitted his client to go home, but that he would have him in Court in ten or fifteen minutes, and claimed indulgence for this time. The Solicitor General did not remember having made any such agreement, and moved to enter judgment on the recognizance; the Court granted this leave, refused the indulgence asked, and ordered final judgment. Before it was entered, the prisoner made his appearance in Court, but the Court refused then to take up the case, or to open the order for final judgment: *Held,* that this was error in the Court.

Motion, in Bibb Superior Court. Decided by Judge POWERS, November Term, 1854.

This was a motion to open the final forfeiture of a *scire facias* issued on a bond for appearance of a party indicted, the final judgment not having been entered, and was based on the following facts:

William T. Smith, indicted for a misdemeanor, had given bond for appearance, with John P. Smith as security; and failing to appear at November Term, 1853, the bond was forfeited and *scire facias* issued thereon. At November Term, 1854, the indictment being called up at the instance of the Solicitor General, and the defendant not appearing, his Counsel, Mr. Lochrane, stated that he understood the Solicitor Gen-

eral to have agreed with him that certain other cases should be called up before this, and had dismissed the defendant from attendance; and he asked for ten or fifteen minutes time to send for him.   The Solicitor General not admitting the existence of such an agreement, the Court refused the request of defendant's Counsel, and immediately took up the *scire facias* —the Solicitor General said he would take final judgment, and the Court made an entry to this effect on his docket.

Shortly afterwards, but before final judgment was entered, Wm. T. Smith came into Court—offered to pay costs of *sci. fa.* and his security offered to surrender him; the Court said he had passed on to other business and would not go back.   The Counsel afterwards moved to open the final forfeiture, and to arrest the judgment thereon; which motion the Court refused, and the defendant's Counsel excepted to that decision.   It appeared from the certificate of the Judge, that it is the practice in Bibb Superior Court to allow the Solicitor General to call up criminal cases as he is ready for trial.

LAMAR & LOCHRANE, for plaintiff in error.

WHITTLE, for The State.

*By the Court.*—STARNES, J. delivering the opinion.

It is our opinion that the Court erred in ordering final judgment upon this recognizance, for the following reasons: ·

1.  Because of the agreement between the Solicitor General and the Counsel for the prisoner, as it was understood by the latter.   Such a misapprehension or mistake by Counsel has been recognized as a good ground for a new trial.   It is not controverted but that the representation of the Counsel was made in good faith.   All the facts show that there was no intention on the part of prisoner or his Counsel to evade a trial; and therefore, we think the Counsel was fairly entitled to the slight indulgence asked, or to have been put upon some other

Smith *et al. vs.* The State.

reasonable terms before judgment was entered upon the *scire facias.*

2. Because the case was taken up out of its regular order. It is said that this is an arrangement common in the Superior Court of Bibb County; that the pressure of business makes the practice expedient, by which the Solicitor General may call up any criminal cause at any period of the term, when he is ready to try; and that defendants must be held rigidly to this rule.

This practice may be expedient. We will not say it is not so. But it certainly is a very unequal one. Without disturbing it, we will now only say, that where such a practice does obtain, where this great advantage is given to the prosecuting officer for the State, there is certainly the more cause why a *reasonable* indulgence to the prisoner should be granted. Not why he should be indulged generally, or relieved from a rigid enforcement of the law; but a cause why he should have accorded to him an indulgence reasonable and just, under the circumstances; and such, we think, was the character of that asked for here.

3. Because this defendant was surrendered before final judgment on the *scire facias,* as the bill of exceptions shows.

In this judgment, securities are interested; and their rights are to be considered. We are all, as a Court, familiar with the practice which allows a security, upon a recognizance, to discharge himself at any time before final judgment, by surrendering the prisoner and paying the costs of *scire facias.* We were of the opinion that there was some Statute on this subject, but have not been able to find it. The practice may be of Common Law origin. At all events, it is a reasonable practice—and a just one, as applicable to this particular case.

Let the judgment be revesed.