[No. 1877, February 21, 1915.]
.STATE v. RILEY et al.

### SYLLABUS BY THE COURT.

In an action to recover the penalty of an appearance bond, held, the surrender of the defendant by the sureties to the proper officer before final judgment on the bond was entered is a satisfaction of the bond, and the sureties are entitled to a release upon the payment of the costs of the action and upon the payment of all costs the state had been put to in preparing to try the case at the term the bond was returnable.

Appeal from District Court, Quay County; T. D. Lieb, Judge.

State v. Riley, 21 N. M. 450.

Action by the State against John Riley and others, to collect the penalty of an appearance bond. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

CATRON & CATRON and REED HOLLOMAN of Santa Fé and A. PAUL SIEGEL of Nara Visa, for appellants.

Under common law if bail surrender defendant prior to final judgment on scire facias it was considered a satisfaction of bond upon payment of costs.
1 Tidd's Prac. 283.

Special bail in civil cases may exonerate themselves by surrender of principal before liability to judgment becomes fixed.
3 R. C. L., par. 60; 4 Blackstone (Chitty), 297; Watson v. Bancroft, 4 Strob. (S. C.) 218; Smith v. State, 17 Ga. 462; Milner v. Petit, 1 Lord Raymond, 720.

FRANK W. CLANCY, Attorney General, for the State.

The cases cited by appellants tend strongly to support their position. Examination of various state authorities throws but little light on the question and the result is unsatisfactory.

, OPINION OF THE COURT.

MECHEM, District Judge.—This is an action to collect the penalty of an appearance bond. The complaint shows that, having been indicted for the larceny of horses and his bond fixed at $5,000, the defendant, John Riley, alias Snide Riley, with Vernon and others, on February 8, 1915, entered into a bond for Riley's appearance at the April, A. D. 1915, term of the district court of Quay county; that on the 14th day of April, 1915, the same being the ninth day of the April term of the court, Riley was called, made default, and the bond forfeited. Judgment is prayed for the penalty of the bond. The complaint was filed on the 26th day of June, 1915. The de-

fendants, admitting the execution of the bond, answer that on the 23d day of April, 1915, they brought Riley into the jurisdiction of the district court of Quay county and delivered him to the sheriff, and that the said Riley remained in the custody of the sheriff until he was later released on bond; that they stand ready and willing to pay the state all costs and expenses, if any, occasioned by the non-appearance of Riley. Plaintiff and defendants prayed judgment on the pleadings. Judgment was entered for plaintiff in the sum of $5,000 and costs of suit, and defendants took this appeal.

The defendants take the position that the surrender by them of Riley to the sheriff of Quay county before final judgment on the bond, was a satisfaction of the bond, and they are entitled to a release, upon the payment of the costs of the action. We have no statute regulating this phase of practice, and counsel rely upon Milner v. Petit, 1 Lord Raymond, 720, Watson v. Bancroft, 4 Strob. 218, and Smith v. State, 17 Ga. 462, as declaratory of the common-law rule, which cases, the Attorney General admits, tend strongly to support the position of defendants. In this particular case we think the rule works justice. The defendants should pay all costs the state was put to for witnesses in the preparation to try Riley at the April, 1915, term of the Quay county district court. This done, the judgment should be entered for defendants in accordance with the prayer of their answer.

The judgment of the lower court is reversed, and the cause remanded for further proceedings.

ROBERTS, C. J., and PARKER, J., concur.