[No. 2232. May 28, 1918.]
Ex parte PARKS et al.

SYLLABUS BY THE COURT.

1. Section 58 of chapter 43, Laws 1917, interpreted, and held that a sentence for murder in the second degree of from 90 to 99 years in the penitentiary is a sentence of "imprisonment for life" within the meaning of those words as used in the section. The court takes judicial knowledge that 90 to 99 years is a period of time extending beyond the ordinary span of life.                              P. 493

2.   Bail is never required by way of punishment, but is re-
quired of defendant to secure his attendance to submit to the
punishment to be imposed by the court.                P. 493

Application by Charlie Parks and John Parks for
writ of habeas corpus. Writ discharged, and petition-
ers remanded to custody.

H. D. TERRELL and K. K. SCOTT, both of Silver City,
for relators.

C. A. HATCH, Asst. Atty. Gen., J. S. VAUGHT, of Dem-
ing, and CARL H. GILBERT, of Santa Fe, for respondents.

OPINION OF THE COURT.

PARKER, J.   Petitioners were indicted for murder,
were tried and convicted of murder in the second de-
gree, and sentenced to not less than 90 nor more than 99
years' imprisonment in the state penitentiary. They
appealed from the judgment and applied for bail pend-
ing the disposition of the appeal by this court. Bail
was denied, and the petitioners have applied to this
court by habeas corpus proceedings to obtain bail.

Counsel for petitioners rely upon the provisions of
section 58 of chapter 43, Laws 1917, which is as follows:

"All appeals in criminal cases shall have the effect of a
stay of execution of the sentence of the court until the
decision of the Supreme Court upon said appeal. And
whenever the sentence of the district court shall be that
of death or imprisonment for life, the party convicted shall
remain in close confinement until the decision of the Su-
preme Court shall be pronounced upon appeal; and in all
other cases of appeal the party taking the appeal shall be
entitled to give bail by filing a bond in a sum and with con-
ditions to be fixed by the District Court sufficient to seucre
the due execution of the sentence of the court in case the
judgment of the court be affirmed by the Supreme Court."

In this connection they rely upon section 1461, Code
1915, providing the punishment for murder in the sec-
ond degree at imprisonment for a period of not less than

3 years. They also point out that there is one crime specifically enumerated in the statute, section 1495, Code 1915, viz.: that of carnal knowledge of a female child under the age of 10 years, wherefor the punishment is fixed, in terms, at life imprisonment. From these three statutes it is argued that the petitioners are entitled to bail. The argument proceeds upon the theory that the legislature used the words ''imprisonment for life'' in a technical or literal sense, and that only when the sentence is strictly and literally ''imprisonment for life'' can a defendant be denied bail, pending appeal. That so long as one crime has attached to it such consequences, it is argued that that one crime is what the legislature provided should not be bailable pending appeal. On the other hand it is argued by the state that the words ''imprisonment for life'' are not used in a technical sense, but that any sentence for a term of years running beyond the ordinary span of life is in substance and effect a sentence of ''imprisonment for life,'' and that it is in that sense that the legislature used the words. Counsel on both sides admit that no precedent is to be found in the books upon this subject, and all deductions drawn from cases cited are by way of analogy.

[**1, 2**] It may be stated, preliminarily, that bail is never required by way of punishment, but is required of a defendant to secure his attendance to submit to the punishment to be imposed by the court. With this principle as a guide it seems clear there could be no reason for a distinction between a case of carnal knowledge of a child under 10 years of age to which is attached the penalty of life imprisonment, and a case of murder in the second degree in which a sentence of from 90 to 99 years' imprisonment has been imposed. In neither case would the defendant have any hopes of outliving the term of the sentence and the same inducement to flee and avoid the incarceration would be present in each case. The legislature, therefore, when it used the words mentioned, must have intended something else than the restricted meaning contended for by counsel for peti-

tioners. It had in mind, necessarily, to provide against the escape from justice of persons sentenced to such severe punishment as to be tempted to flee the jurisdiction. In such cases it provided that no bail should be allowed, and used the words "imprisonment for life" to designate the same. Hence the words were not used in a restricted and literal sense, but in a sufficiently broad sense to include the idea of preventing flight to evade punishment, and to compel the execution of the sentence. A sentence of from 90 to 99 years is a sentence which presents the greatest of inducements to the defendant to flee and thus escape the punishment. It contemplates imprisonment for a term running beyond the ordinary span of life. Of this we may take judicial notice. 16 Cyc. 871; Floyd v. Johnson (Ky.), 13 Am. Dec. 255; Scheffler v. Minn., etc., R. Co., 32 Minn. 518, 21 N. W. 711; Johnson v. Hudson R. R. Co., 6 Duer (N. Y.) 633; Allen v. Lyons, 1 Fed. Cas. 227; 1 Chamberlayne, Mod. Law Evidence, § 770; 1 Elliott on Evidence, §. 68; 7 Ency. of Evidence, 909.

In this connection it is to be observed that we are not dealing with the question of the life expectancy of the petitioners. The mortality tables might be consulted upon such a question. The question here is whether a period of time of from 90 to 99 years is beyond the ordinary period of life of any person, regardless of his present age or physical condition. We take judicial notice that it is, because it is a matter of common and universal knowledge and experience that such is the case. Therefore a sentence for that length of time is a sentence of imprisonment for life as those words are used in the statute.

Petitioners argue that the provisions of the statute for "good time" to be allowed convicts in case of exemplary conduct become a part of the sentence, and necessarily reduce the length of the term of actual confinement. The conclusion is drawn that these petitioners may not be required to serve any very considerable part of the term by reason of those provisions. We do

not deem those provisions to have any application to the question here. The question is whether the sentence now is one of imprisonment for life. Whether petitioners, by good conduct, may hereafter shorten the term of imprisonment would seem to be entirely immaterial.

It follows from the foregoing that the action of the lower court in refusing bail to the petitioners was correct, and that the writ of habeas corpus should be discharged, and the petitioners remanded to custody, and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.

---

[No. 2128, May 28, 1918.]
[Rehearing Denied Aug. 19, 1918.]
STOCKMEN'S GUARANTY LOAN CO. v. COOPER.