469 P.2d 727

STATE of New Mexico, Plaintiff-Appellee,

v.

Richard LUCERO, Defendant-Appellant.

No. 480.

Court of Appeals of New Mexico.

April 24, 1970.

Jack L. Love, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Frank N. Chavez, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant was convicted of the crime of rape on January 29, 1970. Defendant was sentenced on February 16, 1970. Defendant gave notice of appeal and on March 11, 1970 an Order Fixing Appeal Bond was entered fixing the sum at $10,000.00. The order further stated:

"* * * that said bond shall be made and executed by a corporate surety company authorized to do business in the State of New Mexico, as surety; and that personal sureties and individual sureties on a property bond will not be acceptable."

Defendant filed a motion pursuant to § 21–2–1(9) (1), N.M.S.A.1953 (Supp.1969) in the Supreme Court, asking that the Order Fixing Appeal Bond be modified by striking the requirement that only a corporate surety bond be acceptable. On March 26, 1970 the Supreme Court transferred "the entire file to the Court of Appeals."

We consider only defendant's motion.

*Jurisdiction.*

This court has jurisdiction over the appeal pursuant to § 16–7–8(C), N.M.S.A. 1953 (Supp.1969). Although defendant's motion for review of the surety question was originally docketed in the Supreme Court, being No. 9025, it was transferred to this court by the Supreme Court Order. Since the original appeal was rightly in this court, (§ 16–7–8(C), supra) the transfer of a motion closely related to that appeal is a final determination of jurisdiction. Section 16–7–10, N.M.S.A.1953 (Supp.1969); compare State v. Weddle, 77 N.M. 420, 423 P.2d 611 (1967); cf. § 21–2–1(9) (1), N.M. S.A.1953 (Supp.1969).

*Appeal Bond.*

Under the circumstances, defendant is entitled to bond pending final determination of his conviction. Const. of N.M. Art. II, § 13; §§ 41–15–2(B), N.M. S.A.1953 (Repl.Vol. 6, Supp. 1969) and 21–2–1(9) (4), N.M.S.A.1953 (Supp.1969). However, the determination of what bail is proper to grant is particularly within the trial court's discretion. Kaufman v. United States, 325 F.2d 305 (9th Cir. 1963).

In his motion defendant does not claim that the bond set was excessive per se. Nor does he assert that the trial court may not exercise its discretion in passing on the adequacy of the sureties. He does claim that a demand of a commercial surety, to the exclusion of a property surety, is an abuse of discretion. With this we agree.

We do not address ourselves to the question of what is meant by the phrase "amount and conditions" of a bond. We merely hold that a demand for a corporate surety with a predetermined exclusion of all other collateral as surety is an abuse of discretion. See Montoya v. McManus, 68 N.M. 381, 362 P.2d 771 (1961). Normally the trial court can only exercise its discretion as to the adequacy of the sureties and not as to the type of sureties.

**580**

We reverse the Order Fixing Appeal Bond and remand for proceedings not inconsistent herewith.

It is so ordered.

SPIESS C. J., and OMAN J., concur.