487 P.2d 817 (1971)
The PEOPLE of the State of Colorado and the Commissioners of Delta County, Plaintiffs-Appellees,
v.
W. A. (Butch) YOUNG, Defendant, and
Charles W. Younger, Ex Parte, Appellant.
No. 71-181. (Supreme Court No. 24955.)
Colorado Court of Appeals, Div. II.
June 22, 1971.
Rehearing Denied July 13, 1971.
*818 Albin Anderson, Jr., Grand Junction, for appellant.
No appearance for plaintiffs-appellees.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was transferred from the Supreme Court pursuant to statute.
Appellant Younger seeks reversal of an order denying his motion for remission of sums paid to satisfy a judgment of forfeiture of a bail bond. He asserts that the trial court abused its discretion. We affirm the trial court.
One Young was arrested and charged with burglary and grand larceny. He was released on a $2500 bond on which Younger was surety. On October 1, 1969, Young failed to appear for arraignment and the bond was declared forfeited. On October 7, Younger was ordered to show cause on November 3, 1969, why judgment should not be entered on the forfeiture. Younger secured two continuances and after a hearing on February 3, 1970, judgment for $2500 was entered against him on the bond.
Thereafter the district attorney wrote two letters to Younger requesting payment. Younger did not reply to either. Approximately six months after he had failed to appear, Young was again arrested by the police. Subsequently he entered a plea of guilty to the larceny charge and was sentenced and placed on probation. On April 6, 1970, no payment having been made on the judgment, the district attorney applied for an order to the Department of Insurance to hold a hearing to forfeit Younger's qualification bond. The court so ordered on April 9, 1970, and on May 5, 1970, the hearing was held at which time Younger finally paid the judgment. On June 17, 1970, Younger filed his motion for remission.
Hearing on the motion was held on July 24, 1970. Younger introduced no evidence at the hearing but relied on facts appearing of record. He argues that all or part of the forfeited bond should be remitted because the amount of the bond exceeded the costs and expenses expended by the county as a consequence of the defendant's failure to appear and the delay which ensued. After hearing the statement and arguments of counsel the court took the matter under advisement and on July 31, 1970, entered an order denying the motion after finding no good cause to remit any of the forfeited bond.
Remission is not a matter of right but is permissive only. Crim.P. 46(e) (4). It rests within the sound discretion of the trial court and the cost to the county is only one of the elements to be considered. A more important element is the prompt administration of the criminal law. People v. Johnson, 155 Colo. 392, 395 P.2d 19.
We cannot say, on the basis of the facts in this case, that the trial court abused its discretion in denying remission.
Order affirmed.
DWYER and PIERCE, JJ., concur.