637 P.2d 834

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**COTTON BELT INSURANCE COMPA-
NY, Defendant-Appellant.**

**No. 13722.**

Supreme Court of New Mexico.

Dec. 9, 1981.

Ken Cullen, Albuquerque, for defendant-appellant.

Michael F. McCormick, Dist. Atty., Thomas Rutledge, Asst. Dist. Atty., Carlsbad, Jeff Bingaman, Atty. Gen., Deborah Moll, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

The issues raised on this appeal are: (1) whether the doctrine of res judicata bars a second decision by this Court, and (2) if not, whether the trial court abused its discretion when it refused to permit the defendant-appellant (Cotton Belt) to present any evidence that it was entitled to a remittitur following the first appeal of this case. We find res judicata inapplicable under the facts of this case and conclude that the trial court should have heard evidence on the remittitur question. Accordingly, we remand this case for a hearing and such further proceedings therein as may be proper, if any, consistent and in conformity with this opinion.

This case arose from a bail bond forfeiture. Cotton Belt filed a surety bond in the district court for principal Westby. Although Westby appeared for his trial and sentencing, he failed to report for incarceration on January 25, 1980, as ordered by the court. The court then entered judgment in favor of appellee (State) in the sum of $10,000 as forfeiture of the bond. Cotton Belt paid this sum to the court.

Cotton Belt filed a motion to reconsider the forfeiture of the bond in district court. As grounds for this motion, Cotton Belt stated that the bond was conditioned only upon the appearance of Westby at court proceedings up to and including sentencing, so that his failure to surrender himself to serve the sentence was not covered by the bond. A hearing was held on this motion and Cotton Belt requested that the court either dismiss the forfeiture, or in the alternative, reduce the amount of forfeiture to $5,000 or vacate the forfeiture in order to give it time to locate Westby. The motion to reconsider was denied.

Cotton Belt appealed to this Court, which affirmed the district court by decision on February 16, 1981 (Cause No. 13,303) remanding the case to the district court "for such further proceedings therein as may be proper." Cotton Belt returned to the district court and filed a motion to remit. The motion requested a return of the bail money less the State's costs spent in apprehending Westby, who had been arrested in Texas and sent to the penitentiary to begin serving his sentence. This motion was denied on the grounds that the issue had been fully and finally litigated by this Court. Cotton Belt then requested a hearing to determine the State's expenses required to retake custody of Westby. This request was denied. Cotton Belt appeals the court's orders denying its motion to remit and request for a hearing.

### I.

The State argues that this Court's first opinion is res judicata of all issues raised by Cotton Belt in its motion to remit. Generally, res judicata operates to bar subsequent lawsuits based on the same subject matter and the same cause of action between the same parties upon the same claim

or demand. *See Town of Atrisco v. Monohan*, 56 N.M. 70, 240 P.2d 216 (1952); *Buhler v. Marrujo*, 86 N.M. 399, 524 P.2d 1015 (Ct.App.1974). However, a change in circumstances may relieve res judicata from being an absolute bar to a second lawsuit, as this Court noted in *Williams v. Butler*, 76 N.M. 782, 783, 418 P.2d 856, 857 (1966), *quoting Hurd v. Albert*, 214 Cal. 15, 19, 3 P.2d 545, 549 (1931):

> "The doctrine of res judicata was never intended to operate so as to prevent a reexamination of the same question between the same parties where, in the interval between the first and second actions, the facts have materially changed or new facts have occurred which may have altered the legal rights or relations of the litigants."

As the State noted in its brief, the only change in circumstances between the first motion to reconsider and the motion to remit was that the second motion contained allegations to the effect that the principal had been apprehended and was in the custody of the proper officials. Thus, this ground for remittitur was not before the district court upon the first motion to reconsider. The facts of Westby's apprehension and the attendant costs are facts that should be considered by the trial judge in his decision as to whether remittitur would be proper in this case.

As the Court mentioned in *State v. Midland Insurance Company*, 208 Kan. 886, 494 P.2d 1228 (1972), matters which should be taken into account in determining whether a forfeiture of appearance bond should be set aside include the expenses incurred by the State which should be reimbursed. *See People v. Young*, 29 Colo.App. 522, 487 P.2d 817 (1971).

Because no hearing was allowed subsequent to the arrest of Westby, there is no evidence in the record which discloses the cost expended by the State in apprehending Westby. There is a letter accompanying the transcript written by Cotton Belt's attorney which states that the State acknowledged its costs to be $2,000. The trial court should consider whether to grant a remittitur of part of the forfeiture pursuant to Section 31–3–2(B), N.M.S.A.1978, and the cost incurred by the State is one factor that should be considered by the court in its decision.

Furthermore, as we discussed in *State v. United Bonding Insurance Company*, 81 N.M. 154, 464 P.2d 884 (1970), the court may have occasion to mitigate the amount of judgment previously entered regarding a forfeiture of bail bond, once the defendant is surrendered to answer the judgment of the court.

This Court stated long ago that the purpose of bail is to "secure [the defendant's] attendance to *submit to the punishment* to be imposed by the court." (Emphasis added.) *Ex Parte Parks*, 24 N.M. 491, 493, 174 P. 206, 207 (1918). Thus, under the law and the terms of the contract, the bail was subject to forfeiture until such time as the defendant surrendered himself to the authorities to serve his sentence.

Once Westby began to serve his sentence, a re-evaluation of the forfeiture would be permitted. We remanded this case for "such further proceedings therein as may be proper." Because new facts occurred which may have altered the legal rights of Cotton Belt to a remittitur, res judicata does not operate to bar the motion to remit.

II.

The pertinent statute, Section 31–3–2, provides:

> A. Whenever any person fails to appear at the time and place fixed by the terms of bail bond or recognizance, the court may:
>
> (1) issue a warrant for his arrest; and
>
> (2) declare a forfeiture of the bail.
>
> B. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.
>
> \*     \*     \*     \*     \*     \*
>
> E. When a judgment has been rendered against the defendant or surety for

the whole or part of the penalty of a forfeited recognizance, the court rendering such judgment may in its discretion remit or reduce the amount thereof when after such rendition the accused has been arrested and surrendered to the proper court to be tried on such charge, or to answer the judgment of the court.

Relief under this statute in the form of remittitur is discretionary and will be reviewed only for an abuse of that discretion. A reversal will be ordered by this Court only if there is a clear abuse of discretion. *Flinchum Const. Co. v. Central Glass & Mirror,* 94 N.M. 398, 611 P.2d 221 (1980). In order to establish an abuse of discretion, it must appear that the trial court acted unfairly, arbitrarily or committed manifest error. *State v. Kincheloe,* 87 N.M. 34, 528 P.2d 893 (Ct.App.1974).

We find that the refusal of the trial judge to allow a hearing was an abuse of discretion because it resulted in a denial of the motion to remit without a consideration of all relevant factual circumstances. As the Court stated in *Porter v. Porter,* 155 Mont. 451, 473 P.2d 538, 541 (1970):

> In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, *in view of all the circumstances,* ignoring recognized principles resulting in substantial injustice. (Emphasis added.)

As discussed above, the fact of Westby's apprehension and the attendant costs, while not binding on the judge's decision on remittitur, are material to the question of bond forfeiture. To promote the purpose of bail, which is to secure the attendance of the defendant to submit to punishment, it is desirable to increase the inducement for the bond company to secure the defendant, as this Court noted in *State v. Riley,* 21 N.M. 450, 155 P. 720 (1915). *See also Allegheny Mutual Casualty Co. v. State,* 234 Md. 278, 199 A.2d 201 (Ct.App.1964). Accordingly,

this case is remanded for a hearing on remittitur consistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, PAYNE and RIORDAN, JJ., concur.