746 P.2d 1099

The STATE of New Mexico,
Plaintiff–Appellee,

v.

The ERICKSONS, Defendants,

and

Nat Goodman, d/b/a Goodman Bail
Bond, Surety, Appellant.

No. 16752.

Supreme Court of New Mexico.

Nov. 13, 1987.

Rehearing Denied Dec. 28, 1987.

Winston Roberts–Hohl, Santa Fe, Morris
Stagner Clovis, for appellant.

Hal Stratton, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

STOWERS, Justice.

Petitioner Goodman, d/b/a Goodman Bail Bond, is the surety for defendants Rodney and Pamela Erickson on two $6,000 bail bonds. The defendants pleaded *nolo contendere* to two counts of battery on a peace officer in the fourth degree and one count of disorderly conduct, a misdemeanor. On July 11, 1986, the trial court sentenced each defendant to two consecutive eighteen-month terms on the battery counts and to a six-month concurrent term on the disorderly conduct charge. The court then suspended execution of the sentences with the exception of the first six months to be served in county jail. Defendants were ordered to report on Monday, July 14, 1986 at 8:00 a.m. to begin serving their sentences. Defendants, however, failed to report to the jail. After a hearing to show cause, the court ordered forfeiture of the bonds.

On appeal, petitioner argues that the trial court erred by not concluding that his obligation as surety terminated when sentence was imposed since it constituted a final disposition of all charges. We disagree and now affirm the judgment of the district court.

A bail bond is considered a contract between the state on the one hand and a principal and his surety on the other. *See State v. Amador*, 98 N.M. 270, 271, 648 P.2d 309, 310 (1982); Annotation, *Pretrial Bail Bond–Duration of Liability*, 32 A.L. R.4th 504 (1984). The extent of the undertaking of the surety depends upon the wording of the bond agreement which is

subject to the rules of contract law and suretyship. *United States v. Miller*, 539 F.2d 445, 447 (5th Cir.1976); *United States v. Gonware*, 415 F.2d 82, 83 (9th Cir.1969). Like any other contract, a bail bond must be construed as a whole considering each clause and word with reference to other provisions and giving effect to the reasonable intentions of the parties. *See Smith v. Tinley*, 100 N.M. 663, 664, 674 P.2d 1123, 1124 (1984). Also, the terms of the bail contract are to be construed strictly in favor of the surety, who may not be held liable for any greater undertaking than he has agreed to. *See Amador*, 98 N.M. at 274, 648 P.2d at 313.

In the instant case, Goodman explicitly agreed in the bail bond to insure that each defendant would "abide any judgment entered in such matter *by surrendering himself to serve any sentence imposed and obeying any order or direction in connection with such judgment as the court imposing it may prescribe.*" (emphasis added). The court's Judgment, Sentence and Order Suspending Sentence directed each defendant "to report to the common jail of Curry County on Monday July 14, 1986 at 8:00 a.m. to begin serving [the] sentence." This order in connection with the judgment was a direction to surrender to serve sentence as well as a postponement of that commitment until July 14. When, as here, the bond states that the principal is to surrender himself or herself for execution of the sentence and to abide by orders of the court in connection with judgment, the pronouncement of sentence does not exonerate the surety who remains liable during any reasonable postponement of sentence. *Miller*, 539 F.2d at 448; *Gonware*, 415 F.2d at 84; 8 Am.Jur.2d *Bail and Recognizance* § 105 (1980).

Defendants by their nonappearance disobeyed the court's order. This was a clear violation of the terms of the bond. Thus, Goodman remained liable on the bond.

■ This interpretation of the wording of the bond is consistent with our holding in *State v. Cotton Belt Ins. Co.*, 97 N.M. 152, 637 P.2d 834 (1981). In *Cotton Belt* we restated what we had earlier held in *Ex parte Parks*, 24 N.M. 491, 174 P. 206 (1918), that the purpose of bail is to secure the defendant's attendance to submit to the punishment to be imposed by the court. *Cotton Belt*, 97 N.M. at 154, 637 P.2d at 836. Thus, under the law and the terms of the bail bond, we held in *Cotton Belt* that bail was subject to forfeiture until such time as the defendant personally appeared to serve the sentence. *Id.* Likewise, our interpretation in that case is compatible with *Miller* which construed the terms of a bail bond containing the same language as that in the present case and held the surety liable during the reasonably brief postponement by the court of defendant's execution of sentence. *Miller*, 539 F.2d at 448–49.

■ We are mindful that other jurisdictions discharge a surety from liability once sentence has been pronounced. 32 A.L. R.4th 504. The effect of the pronouncement of sentence on the liability of the surety depends almost entirely upon the terms of the bond. When the surety has only undertaken to have his principal in court until the case is determined, sentencing discharges the surety. 8 Am.Jur.2d § 105. Here, Goodman clearly bound himself by the language in the bond to insure that each defendant would appear in accordance with the court's order to commence serving their sentences. We therefore affirm the forfeiture of the bonds.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and RANSOM, J., concur.