2006-NMCA-090

140 P.3d 1106

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Raymond GUTIERREZ, Defendant–**
**Appellant.**

**No. 26,314.**

Court of Appeals of New Mexico.

June 15, 2006.

Certiorari Denied, No. 29,910,
Aug. 10, 2006.

Patricia A. Madrid, Attorney General, Santa Fe, NM, M. Anne Kelly, Assistant Attorney General, Albuquerque, NM, for Appellee.

Ray Twohig, Albuquerque, NM, for Appellant.

Jones, Snead, Wertheim & Wentworth, P.A., Jerry Todd Wertheim, Santa Fe, NM, for Amicus Curiae New Mexico Criminal Defense Lawyers Association.

## OPINION

FRY, Judge.

{1} Defendant filed a motion pursuant to Rule 12–204 NMRA asking this Court to review his conditions of release established by the district court. We granted Defendant's motion and set the case for oral argument. We requested briefing from amici curiae, the New Mexico Criminal Defense Lawyers Association (NMCDLA) and the District Attorney Association. Only NMCDLA filed a brief.

{2} Defendant argues that imposing cash-only bail violates his constitutional rights under Article II, Section 13 of the New Mexico Constitution. Having considered the briefs and oral argument, we hold that the cash-only bond imposed by the district court was not unconstitutional. Therefore, we affirm the district court's order.

## BACKGROUND

{3} Defendant was arrested on a warrant setting his bond at $250,000 cash or surety. He was indicted for first degree murder (willful and deliberate), second degree murder and manslaughter, or in the alternative, first degree murder (depraved mind), second degree murder and manslaughter, conspiracy to commit first degree murder (willful and deliberate), shooting at or from a motor vehicle (great bodily harm), conspiracy to commit shooting at or from a motor vehicle (great bodily harm), and three counts of contributing to the delinquency of a minor. The district court entered an order setting conditions of release, setting a cash-only bond in the amount of $300,000. Defendant filed a motion to review conditions of release in the district court, which was denied.

{4} After obtaining new counsel, Defendant again filed a motion to review conditions of release, specifically arguing that the cash-only bond violated Article II, Section 13 of the New Mexico Constitution. The district court held a hearing and considered several factors relevant to the motion. The court considered the likelihood of Defendant's appearance at trial and the threat he posed to the community. The court then noted that, in the case of surety bonds, bonding companies seem to have changed their business practices and no longer require ten percent up front; instead, they allow a defendant to pay only a small amount of cash up front with subsequent payments over a period of time. In the district court's view, this approach did not provide enough surety that a defendant will adhere to the conditions of

release and appear when required. Consequently, the district court denied Defendant's motion to find the cash-only bond unconstitutional and his request to establish alternative conditions of release.

## DISCUSSION

{5} Defendant argues that the cash-only bond imposed by the district court violates the provision in Article II, Section 13 of the New Mexico Constitution that all persons "be bailable by sufficient sureties." Defendant claims the provision is violated by a bond in which no sureties are possible because only cash in the full amount will secure the release of the defendant. Defendant acknowledges that this is an issue of first impression for New Mexico. In support of his argument, Defendant relies on cases from other jurisdictions that have held cash-only bonds violate constitutional provisions that are identical or similar to New Mexico's, two New Mexico civil cases, and the commentary to Rule 5–401 NMRA.

{6} Although Defendant does not expressly challenge the constitutionality of Rule 5–401, he implicitly argues that interpreting the rule to allow for cash-only bonds would be contrary to our constitution's "sufficient sureties" clause. "Historically, we decide cases, if we can, by avoiding constitutional questions." *Wallis v. Smith*, 2001–NMCA–017, ¶ 12 n. 1, 130 N.M. 214, 22 P.3d 682. Therefore, we first address the meaning and scope of Rule 5–401. If a cash-only bond is not authorized under this rule, we need not reach the constitutional question to decide the case. *Huey v. Lente*, 85 N.M. 597, 598, 514 P.2d 1093, 1094 (1973) ("Courts will not decide constitutional questions unless necessary to a disposition of the case.").

{7} The interpretation of a Supreme Court rule is a question of law that we review de novo on appeal. "In doing so, we look first to the plain meaning of the [rule], which requires us to give effect to the [rule's] language and refrain from further interpretation when the language is clear and unambiguous." *HSBC Bank USA v. Fenton*, 2005–NMCA–138, ¶ 6, 138 N.M. 665, 125 P.3d 644; *State v. Foster*, 2003–NMCA–099, ¶ 6, 134 N.M. 224, 75 P.3d 824. "We apply the same rules to the construction of Supreme Court rules of procedure as we apply to statutes." *In re Michael L.*, 2002–NMCA–076, ¶ 9, 132 N.M. 479, 50 P.3d 574.

{8} Rule 5–401(B) provides:

If the court makes a written finding that release on personal recognizance or upon execution of an unsecured appearance bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, in addition to any release conditions imposed pursuant to Paragraph C of this rule, the court shall order the pretrial release of such person subject to the first of the following types of secured bonds which will reasonably assure the appearance of the person as required and the safety of any person and the community:

(1) the execution of a bail bond in a specified amount executed by the person and secured by a deposit of cash of ten percent (10%) of the amount set for bail or secured by such greater or lesser amount as is reasonably necessary to assure the appearance of the person as required. The cash deposit may be made by or assigned to a paid surety licensed under the Bail Bondsmen Licensing Law provided such paid surety also executes a bail bond for the full amount of the bail set;

(2) the execution of a bail bond by the defendant or by unpaid sureties in the full amount of the bond and the pledging of real property as required by Rule 5–401(A) NMRA; or

(3) the execution of a bail bond with licensed sureties as provided in Rule 5–401(B) NMRA or execution by the person of an appearance bond and deposit with the clerk of the court, in cash, of one-hundred percent (100%) of the amount of the bail set, such deposit to be returned as provided in this rule.

Any bail, property or appearance bond shall be substantially in the form approved by the Supreme Court.

{9} Rule 5–401(A) emphasizes pretrial release on personal recognizance, but allows the imposition of additional nonmonetary release conditions, where necessary, pursuant

to Paragraph C. If the court determines that a secured bond is required, Paragraph B enumerates the types of secured bonds the court can order that the defendant execute, which "are set forth in the order of priority they are to be considered by the judge." Rule 5–401 Comm. cmt. The first to be considered is an appearance bond with a cash deposit. Rule 5–401(B)(1). If this is inadequate, the court must consider a property bond, where the property belongs to defendant or other unpaid surety. Rule 5–401(B)(2).

{10} The last option is the execution of either the entire amount of the bail bond with a licensed surety or an appearance bond and cash deposit of 100 percent of the amount of bail set. Rule 5–401(B)(3). Amicus curiae NMCDLA concedes that Rule 5–401(B)(3) permits a cash-only bond but argues that it is nonetheless unconstitutional. However, Defendant disagrees and argues that the language of the rule merely provides that a defendant may, at his option, post a cash bond, not that the court may require a cash-only bond.

■ {11} We disagree with Defendant's interpretation of the rule. Rule 5–401(B) is written in terms of what the "court shall order" and expressly prescribes the conditions that the court may impose on the defendant, including the execution of an appearance bond with a 100 percent cash deposit with the court. *See State v. Rivera*, 2004–NMSC–001, ¶ 10, 134 N.M. 768, 82 P.3d 939 (explaining that courts must give effect to clear and unambiguous language in a statute). By its express terms, this provision affirmatively grants the court authority to determine the appropriate conditions of release on bail. The rule is not written in terms of what the defendant's options are for posting a secured bond. If Paragraph (B)(3) was merely an option that a defendant could utilize to satisfy any of the types of secured bonds, then no purpose would be served by including it as a type of secured bond to be considered by the court. Therefore, Paragraph (B)(3) must mean that the court is given the discretion to impose cash-only bail. Otherwise, it would serve no purpose, and "[w]e presume that the drafters of the [r]ule

intended this language to have meaning and not be superfluous." *State v. Anthony M.*, 1998–NMCA–065, ¶ 12, 125 N.M. 149, 958 P.2d 107.

{12} Defendant further argues that the committee commentary to the rule, which relies on a civil case, confirms that cash-only bonds are not authorized. However, we disagree with the committee commentary's statement that "[t]he court may not require a particular type of security." Rule 5–401 Comm. cmt.; *See State v. McCrary*, 100 N.M. 671, 673, 675 P.2d 120, 122 (1984) (stating that committee commentary is not binding authority). The case relied upon for that statement is *State v. Lucero*, which involved a civil election contest. The court in *Lucero* held that the district court's imposition of a commercial surety and express exclusion of a personal or individual surety on a property bond was an abuse of discretion. 81 N.M. 578, 579, 469 P.2d 727, 728 (Ct.App.1970). The court stated that "[n]ormally the trial court can only exercise its discretion as to the adequacy of the sureties and not as to the type of sureties." *Id.* In so stating, the court relied on *Montoya v. McManus*, 68 N.M. 381, 362 P.2d 771 (1961) for its holding "that a demand for a corporate surety with a predetermined exclusion of all other collateral as surety is an abuse of discretion." *Lucero*, 81 N.M. at 579, 469 P.2d at 728.

{13} These civil cases are distinguishable. In *McManus*, upon which *Lucero* relies, the petitioner in an election contest challenged the requirement that he post a bond of "commercial surety type." *McManus*, 68 N.M. at 387, 362 P.2d at 777 (internal quotation marks omitted). The applicable statute merely required the "party to furnish bond for the payment of all costs that may be adjudged against such party." *Id.* (internal quotation marks and citation omitted). The court determined that this statute did not prescribe the specific type of bond to be furnished. *Id.* In addition, the court relied on a prior case holding that a bond with personal sureties complied with an election recount statute requiring "a sufficient surety bond" as a condition of a recount. *Id.* (internal quotation marks omitted). In contrast, Rule 5–401 prescribes the type of secured

bonds the court can impose and expressly allows the imposition of an appearance bond and cash deposit equal to 100 percent of the amount of the bail set. In addition, the question in *Lucero* was whether the judge abused his discretion in requiring a commercial bond in a civil election contest case. *Lucero* did not address the constitutionality of limiting the type of bond imposed in the criminal context. In light of this crucial difference, we disagree with Defendant that holding cash-only bail constitutional would require us to reverse *Lucero*.

{14} Because we discern no prohibition in Rule 5–401 against cash-only bail, we next turn to Defendant's constitutional argument. Defendant argues that Article II, Section 13 enables a defendant, prior to conviction, to be released on the bond set by posting the amount of the bond through "sufficient sureties." He asserts that this provision is violated by a bond in which no sureties are possible because only cash in the full amount of the bail set can secure the defendant's release.

{15} Article II, Section 13 of the New Mexico Constitution provides that "[a]ll persons shall, before conviction be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great and in situations[s] in which bail is specifically prohibited by this section." Defendant relies on the Minnesota Supreme Court's decision in *State v. Brooks*, 604 N.W.2d 345 (Minn.2000), and its narrow definition of "sufficient sureties." In *Brooks*, the court recognized that "the general purpose of bail is to ensure an accused's appearance and submission to the judgment of the court," but went on to conclude that its bail clause had the broader purpose of limiting the court's power to detain an accused before trial. *Brooks*, 604 N.W.2d at 350. We do not agree with *Brooks* that the primary purpose of the constitution's bail clause is for the protection of the accused rather than the court. *Id.*

{16} New Mexico's bail clause has an entirely different purpose. We have repeatedly stated "that the purpose of bail is to secure the defendant's attendance to submit to the punishment to be imposed by the court." *State v. Ericksons*, 106 N.M. 567, 568, 746 P.2d 1099, 1100 (1987); *State v. Amador*, 98 N.M. 270, 273, 648 P.2d 309, 312 (1982) (same); *State v. Cotton Belt Ins. Co.*, 97 N.M. 152, 154, 637 P.2d 834, 836 (1981) (same); *Ex Parte Parks*, 24 N.M. 491, 493, 174 P. 206, 207 (1918), *overruled in part on other grounds by Welch v. McDonald*, 36 N.M. 23, 7 P.2d 292 (1931). Even Rule 5–401 directs the trial judge to consider what type of bond is required to reasonably assure the defendant's appearance, and to ensure that the defendant's release will not endanger the community.

{17} While we recognize that the purpose of the Federal Bail Reform Act of 1966, from which our rule is derived, was to encourage more releases on personal recognizance, we see no reason to conclude that this purpose takes precedence over the court's concern for the safety of the community and the goal of assuring the appearance of the accused. Rule 5–401, Comm. cmt. We believe the better approach is to balance the defendant's interest in pretrial release with the State's interest in securing the defendant's appearance at trial and the interest in safeguarding the community from any potential threat.

{18} Nor do we agree with *Brooks* that the only proper definition of "sureties" is one that "denote[s] a third person assuming the responsibility of another and the assurance for something being done." *Brooks*, 604 N.W.2d at 353. Around the time our constitution was adopted, there were many dictionary definitions of the term "surety" that do not connote a third party. *See Fragoso v. Fell*, 210 Ariz. 427, 111 P.3d 1027, ¶ 19 n. 5 (Ariz.Ct.App.2005) (noting dictionary definitions that did not limit the meaning of "surety" to a third person's undertaking to answer for another). Defendant has provided no authority suggesting that the drafters of our constitution intended Article II, Section 13 to incorporate such a narrow meaning of the term "sufficient sureties." The State indicated that there appeared to be no evidence of the framers' intent from our constitutional convention. Moreover, while some types of secured bonds require a third person as a "surety," a third person is not necessary where, for example, the "surety" is the de-

fendant's own property, as provided for in Rule 5–401(B)(2).

{19} Consequently, we agree with the Iowa Supreme Court that by including the qualifying term "sufficient" in the sufficient sureties clause, the framers must have intended to confer "a measure of discretion for the person overseeing the bailing process." *State v. Briggs*, 666 N.W.2d 573, 582 (Iowa 2003); *see also Fragoso*, 210 Ariz. 427, 111 P.3d 1027, ¶ 18 (agreeing that the use of the word "sufficient" in the Arizona constitution "suggests that a judge or magistrate has the discretion to impose various conditions on the form of bail sufficient to meet that purpose"). This interpretation is consistent with the purpose of bail, which is to secure the defendant's appearance at trial. A judge must be provided with the discretion to determine, under the particular facts and circumstances of each case, the type of secured bond needed to accomplish that purpose. *See* Rule 5–401(B) (directing the court to consider enumerated factors in determining the "type" of bail).

{20} Defendant argues that even where the judge has determined that the defendant poses a potential threat to the safety of the community, imposing cash only bail is unnecessary because Rule 5–401 provides the district court with many other restrictions that may be imposed on a defendant to ensure the protection of the community. It is true that Rule 5–401 allows for such restrictions by providing the district court with the discretion to determine the least restrictive conditions necessary to assure the defendant's appearance, including the imposition of a specific type of bond. A defendant's options are expressly limited under Rule 5–401, and are dictated by the district court's consideration and balancing of relevant factors to ensure the defendant's appearance. We have no basis for concluding that our constitutional provision was meant to foreclose a cash-only requirement as a condition for achieving that purpose.

{21} Therefore, we conclude that Rule 5–401 expressly provides for cash-only bail, that this does not violate the New Mexico Constitution, and that a cash-only bond is permissible in appropriate circumstances.

However, we caution trial judges to follow the directives of the rule in exercising their discretion to set conditions of release. The types of secured bonds authorized are enumerated in the order of priority in which they are to be considered, with the least onerous conditions listed first. Cash-only bail is the last option and should only be imposed after careful consideration. Finally, we note that the issue of whether the district court in this case abused its discretion in setting bail at $300,000 cash is not raised by the parties. Consequently, we do not address it. For all of these reasons, we affirm the district court's order.

{22} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge, and A. JOSEPH ALARID, Judge.